UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| GEORGE WASHINGTON,           )<br>                                                          )<br>v.                                                       )<br>                                                          )<br>UNITED STATES OF AMERICA,  )<br>                                                          ) | Criminal No. 03- 41-P-H<br>Civil No.   08-293-P-H |

**ORDER STAYING 28 U.S.C § 2255 MOTION**

George Washington has filed a 28 U.S.C. § 2255 motion seeking relief after he was convicted by a jury of distributing cocaine base.  On Washington's first direct appeal, the First Circuit remanded the case for reconsideration in light of United States v. Booker, 543 U.S. 220 (2005). United States v. Washington, 434 F.3d 7, 17 (1st Cir. 2006). An amended judgment entered on May 31, 2006 (Crim. No. 03-41, Doc. No. 229.) Washington appealed again and the amended judgment was affirmed.  United States v. Washington, 220 Fed. Appx. 1 (1st Cir. 2007).  (See Crim. No. 03-41, Doc. Nos. 230, 249).  Washington then filed a petition for certiorari which was denied by the United States Supreme Court on October 1, 2007. Washington v. United States, 128 S. Ct. 325 (Mem.).  On February 28, 2008, Washington filed a pro se motion to reduce his sentence in light of an amendment to the crack cocaine guidelines. (Crim. No. 03-41, Doc. No. 267.)  That motion was denied on March 6, 2008.  (Crim. No. 03-41, Doc. No. 269).  On March 21, 2008, Washington filed a third notice of appeal.  (Crim. No. 03-41, Doc. No. 271.)  The third appeal was docketed as First Circuit No. 08-1384.  On August 28, 2008, the third appeal was submitted to a panel of the appellate court for decision without argument.  The Government filed supplemental authority on December 31, 2008.  No opinion has issued.  This 28 U.S.C. § 2255 motion was filed on September 8, 2008.

1

With regard to Washington's 28 U.S.C. § 2255 motion, the Government takes the position that this Court does not have jurisdiction over the collateral proceeding because this third appeal is pending in front of the First Circuit.  The Government asserts:

> Precedent is clear… that a § 2255 petition and a direct appeal cannot progress simultaneously.  See United States v. Diaz-Martinez, 71 F.3d 946, 953 (1st Cir. 1995).  Indeed, the filing of a notice of appeal divests the district court of jurisdiction to act.  See id.; United States v. Distasio, 820 F.2d 20, 23 (1st Cir. 1987); United States v. Gordon, 634 F.2d 638, 638-639 (1st Cir. 1980).  Until the appellate court returns jurisdiction over Washington's case to this court, the § 2255 petition cannot proceed.

(Gov't Mot. Dismiss at 3.)

According to the Government, the argument made by Washington in his direct appeal is that the Court erred in refusing to reduce his sentence in light of the amendment to the United States Sentencing Guidelines pertaining to crack cocaine.  Washington's 28 U.S.C. § 2255 pleadings charge counsel with performing below the Sixth Amendment standard for effective assistance by inadequately advising him on the pros of pleading guilty given his sentencing exposure;  assert that counsel made cumulative errors amounting to a Sixth Amendment shortfall;  and maintain that he is factually innocent of the crime of conviction.  In his § 2255 motion and memorandum Washington does not raise a concern about the role crack cocaine played in his sentence.  In seeking dismissal on the basis of a lack of jurisdiction, the United States has not addressed the merits of Washington's three 28 U.S.C. § 2255 grounds.

In Diaz-Martinez the Court affirmed the dismissal of a 28 U.S.C. § 2255 motion without prejudice, explaining:

> The settled rule in this circuit, as the defendant acknowledges, is that the district court should decline to hear claims for relief based on allegedly ineffective assistance of counsel until the direct appeal is decided, unless "extraordinary circumstances" are demonstrated.  See United States v. Buckley, 847 F.2d 991, 993 n.1 (1st Cir.1988), cert. denied, 488 U.S. 1015 (1989);  United States v.

2

> Gordon, 634 F.2d 638, 638-39 (1st Cir.1980) ("[I]n the absence of extraordinary circumstances, the orderly administration of criminal justice precludes a district court from considering a § 2255 motion while review of the direct appeal is still pending...." (internal quotation marks and citations omitted)).

71 F.3d at 953; accord Pratt v. United States, 129 F.3d 54, 60-61 (1st Cir. 1997); see also Oakes v. United States, 400 F.3d 92, 95 (1st Cir. 2005) (acknowledging general rule); United States v. Forteza-Garcia, Nos. 04-1215, 04-1398, 04-1216, 04-2458, 2006 WL 4399664, 3 (1st Cir. Sept. 8, 2006) (unpublished) (noting that the district court should not have addressed the merits of the § 2255 motion while the direct appeal was pending, citing Oakes and Diaz-Martinez). In this case it is clear that Washington's third appeal was pending when he filed his 28 U.S.C. § 2255 motion. Compare Pratt, 129 F.3d at 61.

I agree with the Government that the orderly administration of criminal justice counsels against addressing the merits of Washington's § 2255 motion while his third appeal is still pending. However, Washington filed this petition almost on the first anniversary of the denial of his petition for certiorari. He might well have been concerned that the one-year statute of limitations under 28 U.S.C. § 2255(f) would run and that he would be unable to revive those claims that were unrelated to the crack amendment issues. I can understand his concern. He has obviously devoted time and energy to present the issues he wishes to raise in this motion to vacate, separate and distinct from his motion under the crack cocaine amendment. I think the most orderly administration of criminal justice would result if this court simply entered an order staying this action until the pending appeal is finally resolved. At that time, if Washington still wants to pursue this motion to vacate, I will determine if the Government must answer the petition and the recent "amendment" thereto on the merits.

Washington's most recent correspondence with this Court and a letter that he recently filed with the First Circuit which they have docketed as a "letter motion to hold case in abeyance pending decision of 2255 motion" both demonstrate Washington's concern and confusion over how to proceed on these two fronts. Based upon the foregoing, I will stay this matter pending resolution of the currently pending appeal in <u>United States v. Washington</u>, Crim. No.03-41-P-H (D. Me.), No. 08-1384 (1st Cir.). Washington will notify this court when he has resolved the issues raised by his current appeal if he wishes to proceed with this Section 2255 motion. In any event, the Government must provide this Court with a status report six months from today's date, if Washington has not yet notified this Court of his wish to proceed with the Section 2255 motion.

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

January 15, 2009                    /s/ Margaret J. Kravchuk
                                    U.S. Magistrate Judge